IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **THE AMERICAN SOCIETY OF MEDIA PHOTOGRAPHERS, INC., GRAPHIC ARTISTS, GUILD, PICTURE ARCHIVE COUNCIL OF AMERICA, INC., NORTH AMERICAN NATURE PHOTOGRAPHY ASSOCIATION, PROFESSIONAL PHOTOGRAPHERS OF AMERICA, LEIF SKOOGFORS, AL SATTERWHITE, MORTON BEEBE, ED KASHI, JOHN SCHMELZER, SIMMS TABACK, LELAND BOBBE, JOHN FRANCIS FICARA, and DAVID W. MOSER, on Behalf of Themselves and Others Similarly Situated,**<br><br>       **Plaintiffs,**<br><br>       v.<br><br>**GOOGLE, INC.,**<br><br>       **Defendant.** | **Case No. 13 C 408**<br><br>**Hon. Harry D. Leinenweber** |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiffs' Motion for Reconsideration. For the reasons below, the Motion is denied.

**I.   BACKGROUND**

The Court presumes familiarity with its May 6, 2013 Opinion and accordingly provides only a brief summary of the factual background here.  *See,* ECF No. 27.

On May 6, 2013, this Court granted non-party Tribune Media Services' Motion to Quash a subpoena issued by the Northern

District of Illinois. The subpoena sought information that was allegedly relevant to a case pending in the Southern District of New York. *See, American Soc. of Media Photographers et al. v. Google, Inc.*, No. 10-CV-02977 (DC), (S.D.N.Y. 2010). That case involves a group of book photographers, artists, and associations that represent book photographers ("Plaintiffs") who filed a class action suit against Google, Inc. ("Google") claiming copyright infringement. Specifically, Plaintiffs allege Google infringed upon their copyrighted works when Google copied books and other writings to develop a comprehensive online library.

In December 2012, Plaintiffs issued a subpoena to Tribune Media Services ("TMS"), a company that compiles information regarding television programs and schedules, movie show times, and other related material. TMS provides this information to various print, online, and on-screen television guides and publications.

Immediately after receiving the subpoena, TMS objected to Plaintiffs' demands. Pursuant to Federal Rule of Civil Procedure 37(a)(1), the parties conferred to attempt to resolve this issue without the Court's intervention. Those efforts, however, were unsuccessful. As a result, TMS filed a Motion to Quash. *See,* ECF No. 1. In their Motion, TMS argued that the Court should quash the subpoena because it sought irrelevant information and imposed an undue burden. Additionally, TMS sought reasonable

attorneys' fees and expenses pursuant to Federal Rules of Civil Procedure 26(c), 37(a)(4), and 45(c)(1).

On May 6, 2013, the Court granted TMS' Motion. *See,* ECF No. 27. In connection with that ruling, the Court also ordered Plaintiffs to pay TMS any reasonable costs and fees associated with the Motion to Quash.

In response to this Court's Order, Plaintiffs filed a Motion for Reconsideration on June 4, 2013. *See,* ECF No. 30. In their Motion, Plaintiffs ask the Court to reconsider its Order with respect to fees and expenses. They contend that the Court erred in granting this award because Plaintiffs were unaware TMS was not a licensing intermediary until TMS filed its reply brief on February 12, 2013. They also argue that the Court erred in determining that Plaintiffs failed to take reasonable steps to minimize the burden imposed on TMS.

## II. <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 59(e) gives the Court the power to reconsider and "rectify its own mistakes in the period immediately following the entry of judgment," thereby avoiding appeal. *U.S. E.E.O.C. v. Custom Companies, Inc.*, 02 C 3768, 2007 WL 1810495 (N.D. Ill. June 21, 2007) (citing *White v. New Hampshire Dept. of Employment Sec.*, 455 U.S. 445, 450 (1982)). However, motions under Rule 59(e) "serve a limited function: to correct manifest errors of law or fact or to present newly discovered

evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). A "manifest error" is defined as the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Therefore, reconsideration is only warranted if the Court (1) patently misunderstood a party; (2) made a decision outside the adversarial issues presented; or (3) made an error not of reasoning but of apprehension. *Citadel Group Ltd. V. Wash. Reg'l Med. Ctr.*, No 07-1394, 2011 U.S. Dist. LEXIS 50894, at *5 (N.D. Ill. May 12, 2011). The other limited circumstance in which reconsideration may be appropriate is if there has been a significant change in the law or facts. *Id.*

### III. DISCUSSION

Plaintiffs claim reconsideration is appropriate here because the Court erred in concluding that Plaintiffs failed to take reasonable steps to prevent an undue burden. They claim this is because TMS failed to inform Plaintiffs that it did not have relevant information until TMS filed its reply brief in support of its Motion to Quash. The Court disagrees.

In response to the Motion for Reconsideration, TMS recounts the history of communication between the parties. It explains that the parties' first conferred in December 2012 when Plaintiffs' counsel informed counsel for TMS that they sought information for

the purpose of providing the court in New York an example of how company utilizes and licenses images and photographs "the right way" (allegedly in contrast to Google's infringing conduct). TMS's Resp. to Pl.'s Mot. for Reconsideration at 4. During this conversation, counsel for TMS informed Plaintiffs that TMS did not have information relevant to Plaintiffs' case because TMS is in the business of compiling and providing television programming information. *See,* TMS' Resp. to Pl.'s Mot. for Reconsideration at 4 (citing Andrew W. Vail Decl. ¶ 2, ECF No. 24-1.). Indeed, as TMS points out, Plaintiffs could have learned this information by reviewing TMS's website.

The parties' discussions continued on January 11, 2013. At that time, TMS sent Plaintiffs an email with Seventh Circuit authority regarding the standard for third-party discovery. In response, Plaintiffs provided one case that purported to establish that the information sought was relevant. TMS replied to Plaintiffs, notifying them of its belief that the case Plaintiffs' relied upon was inapplicable. *See,* TMS' Resp. to Pl.'s Mot. for Reconsideration at 4-5.

On January 17, 2013, TMS contacted Plaintiffs to confirm that their position had not changed. At that time, TMS again stated that its business did not involve the sale or licensing of excerpts or photographs from books. Despite this, Plaintiffs refused to

withdraw their subpoena. Because of this, TMS filed a Motion to Quash on the same day.

TMS attached various supporting exhibits to its Motion to Quash. One of those exhibits was a declaration from TMS President, John B. Kelleher. *See,* Mem. in Supp. of Mot. to Quash, Ex. D, ECF No. 5-4. In the declaration, Kelleher stated:

> TMS's business does not involve the sale or licensing of excerpts from books nor does it involve sourcing photographs from library books. Rather, TMS provides television programming information and other content relating to television programs and movies to its customers. None of that content is scanned from any library books.

Decl. of TMS's J. Kelleher ¶ 9; ECF No. 5-4, Page ID# 106.

Apparently, this assertion was not sufficient, as Plaintiffs still refused to withdraw their subpoena. The parties continued to communicate in late January 2013. In an email dated January 28, 2013, counsel for TMS again reiterated to Plaintiffs' counsel that, "TMS does not acquire, sell, or license images in a manner that is remotely comparable to the Google Library Project." *See,* TMS's Response to Pl.'s Mot. for Reconsideration, Ex. A, ECF No. 34-1, Page ID# 339. All of this communication occurred weeks before the parties first appeared in Court on February 19, 2013. Such communications also confirm the Court's prior determination regarding the fact that Plaintiffs failed to take reasonable steps to avoid the imposition of an undue burden.

Federal Rule of Civil Procedure 45(c)(1) provides:

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court *must* enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

FED. R. CIV. P. 45(c)(1) (emphasis added).

Even if the Court gives Plaintiffs the benefit of the doubt and assumes that prior to issuing the subpoena they acted with due diligence in researching TMS's business, it is undeniable that they were on notice as early as January 17, 2013, that "TMS's business does not involve the sale or licensing of excerpts from books nor does it involve sourcing photographs from library books . . . ." Decl. of TMS's J. Kelleher ¶ 9, ECF No. 5-4. Despite this, Plaintiffs refused to withdraw their subpoena and instead forced the parties to appear in Court and brief the issue. This cannot be construed as taking "reasonable steps to avoid imposing undue burden or expense . . . [.]" FED. R. CIV. P. 45(c)(1). As such, Plaintiff's Motion is denied.

It is also worth noting that Plaintiffs' subpoena was extremely broad. Among other things, it sought confidential business information and information regarding TMS's revenues and profits. This, combined with the fact that the TMS does not possess relevant information and notified Plaintiffs of this early

in this dispute cause the Court to affirm its award of costs and fees. *See,* R*odriguez v. Parsons Infrastructure & Technology Group, Inc.*, 271 F.R.D. 620, 623 (S.D. Ind. 2010) (awarding fees and costs associated with a motion to quash and a protective order).

In sum, Plaintiffs fail to meet the high burden of proving the Court made a manifest error. Therefore, the Motion for Reconsideration is denied.

The Court notes Plaintiffs' contentions surrounding TMS's unreasonably high fee request. The Court will only award those fees which are reasonable and encourages the parties' to resolve this issue without the Court's intervention.

## IV. CONCLUSION

For the reasons stated herein, Plaintiffs' Motion for Reconsideration is denied. In connection with this ruling, the Court's Order awarding reasonable attorneys' costs and fees is upheld.

**IT IS SO ORDERED.**

                                              Harry D. Leinenweber, Judge
                                              United States District Court

Date: 9/12/2013